**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 2:16-cr-62-FTM-99MRM**

**ERIC DAVID ERDMANN**
**a/k/a Eric Erdman,**
________________________________/

**MOTION FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION**

Defendant, Eric David Erdmann, pursuant to Rule 15(a)(1) of the Federal Rules of Criminal Procedure, moves this court for an order to authorize the videotaped deposition of material witness Aun Pol. In support of this motion, Mr. Erdmann states as follows:

## I. Factual Background

On May 25, 2016, Mr. Erdmann was indicted for failing to register as a sex offender pursuant to 18 U.S.C. § 2250(a). In preparing for trial, Defense Counsel has determined that Aun Pol—Mr. Erdmann's wife—is an essential witness. In mid to late July, Defense Counsel had Ms. Pol seek a visa from the United States Embassy in Cambodia to be present for trial. To assist her in obtaining a visa, Defense Counsel filed an Ex Parte Application for Subpoena Under Seal on August 8, 2016. An order was entered by the Court granting the Application, and a subpoena was issued for Ms. Pol on

August 10, 2016. On August 16, 2016, Ms. Pol appeared at the United States Embassy. Ms. Pol was interviewed as part of her application for a non-immigrant visa. Despite the subpoena from the United States District Court, her application was denied because her ties in the United States were too substantial. Namely, the United States feared that Ms. Pol would not return to Cambodia after trial.

On August 19, 2016, Defense Counsel contacted Assistant United States Attorney Michael Bagge-Hernandez, representing the Government, and explained the problem with Ms. Pol's visa. Defense Counsel suggested three solutions: (1) the Government assisting with a visa or parole; (2) video testimony; and (3) a video deposition. Both parties agreed that video testimony was undesirable because of the challenges of getting a steady feed with Cambodia. Mr. Bagge-Hernandez represented that he would discuss with his office assisting us with obtaining a short visa for Ms. Pol's testimony.

On August 22, 2016, Defense Counsel was advised that the Government would not assist Defense Counsel with obtaining a visa for Ms. Pol and that the Government would object to a deposition of Ms. Pol's expected testimony—despite her unavailable status. Mr. Bagge-Hernandez pointed out that there were two mechanisms on ICE's website for obtaining either parole of a foreign witness or an "S" Visa for a foreign witness. Unfortunately, both of these mechanisms are only available to law enforcement.

If Ms. Pol were to testify, Mr. Erdmann anticipates the following testimony: On March 12, 2016, Mr. Erdmann was in a serious motorcycle accident resulting in the

compound fracture of his left tibia in Cambodia. His wife—Aun Pol—was at the scene approximately 10 minutes after the accident. Mr. Erdmann went to a local Cambodian clinic and had surgery on his broken tibia—resulting in the placement of two metal plates in his leg. Mr. Erdmann was in the hospital until March 19, 2016 when he was released to go home. Within a day or two, Ms. Pol noticed that the wound was not healing. It turned black, and the metal and bone were exposed.

Mr. Erdmann had another surgery at Calmette Hospital. The second surgery tried to close the exposed wound with another skin graft. After returning home, Ms. Pol and her nephew took care of Mr. Erdmann, including, without limitation, carrying him up the stairs, cleaning his chamber pot because Mr. Erdmann was unable to walk to the bathroom, and showering him. Mr. Erdmann eventually used a wheelchair. Unfortunately, the second surgery—specifically the second skin graft—also failed, and Mr. Erdmann was back in the hospital by April 23, 2016. On April 27, 2016, Mr. Erdmann traveled straight from the hospital to the airport to fly to his father's house in Punta Gorda, Florida to resolve immigration and legal issues in the United States and to seek treatment. Throughout her care for Mr. Erdmann, Ms. Pol took pictures of his injuries.

Based on the United States refusing to grant a visa to Ms. Pol to testify, Mr. Erdmann has been forced to seek a video deposition to ensure that an essential witness is not precluded from testifying. Otherwise, Mr. Erdmann's Fifth Amendment due process right to a fair trial and Sixth Amendment right to compulsory process would be violated.

*See* U.S. Const. amend. V and VI.

## II. **Argument and Incorporated Memorandum of Law**

Rule 15(a) allows a party to seek authorization to depose a prospective witness when there are exceptional circumstances and it is in the interests of justice. *See* Fed.R.Cr.P. 15(a). The Eleventh Circuit has considered three factors to determine if exceptional circumstances exist: (1) whether the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case is absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. *See* *United States v. Drogoul*, 1 F.3d 1546, 1554 (11th Cir. 1993). The movant bears the burden of proving that extraordinary circumstances exist. *See id.* at 1552.

### a. **Ms. Pol is Unavailable To Testify at Trial**.

Despite a valid subpoena being issued for Ms. Pol's attendance at trial, she is unavailable to testify at trial because the Government will not grant her a non-immigrant visa to travel to the United States for trial. The United States—as the executive branch—has the right to deny Ms. Pol's entry into the United States. However, the United States' actions make her unavailable for trial. As a result, the Court should find that the first prong of *Drogoul*—unavailability—is satisfied.

### b. **Ms. Pol's Testimony is Material to Mr. Erdmann's Case**.

"The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *United States v. O'Sullivan,* 553 F.Supp.2d 1349, 1352 (M.D.FL. 2008) *citing*

*Drogoul*, 1 F.3d at 1552. Ms. Pol's testimony is material because she can testify as to how and when Mr. Erdmann's accident occurred. Ms. Pol also can testify to the multiple failed surgeries in Cambodia attempting to close the wound on Mr. Erdmann's leg, and will be able to authenticate numerous pictures of Mr. Erdmann's leg during the period after the accident. Additionally, Ms. Pol will be able to testify that Mr. Erdmann did not cause the injuries to his leg which left him at serious risk of losing his leg, repeatedly in surgery, and bedridden. Indeed, it is respectfully submitted that this Court has already deemed Ms. Pol as a material witness in granting Mr. Erdmann's request for a subpoena of Ms. Pol for trial.

**c. Deposing Ms. Pol Will Not Subject the Government to Any Injustice**.

The Court may deny the Rule 15 motion if the non-moving party shows that the taking of the deposition will cause injustice. *O'Sullivan,* 553 F.Supp.2d at1352. The non-moving party bears a high burden on this issue. *Id.* "The ultimate inquiry is whether exceptional circumstances exist and whether it is in the interest of justice to allow the depositions to be taken. When a substantial likelihood exists that the prospective deponents will be unavailable for trial and their testimony is highly relevant to a central issue in the case, justice generally requires preservation of that testimony." *Drogoul,* 1 F.3d at 1555.

The Government is unable to show any injustice. In fact, the Government is the gatekeeper. If the Government prefers not to do a deposition, it can work with Defense Counsel to obtain a short visa for Ms. Pol to testify and then return to Cambodia. Mr.

Erdmann would prefer this solution, but in lieu of Ms. Pol receiving a short visa, perpetuating her material testimony through a deposition is the only resolution that does not abrogate Mr. Erdmann's Fifth Amendment Due Process rights and Sixth Amendment Compulsory Process rights. The Government will have the opportunity to confront and cross-examine Ms. Pol at the deposition. Not only is the Government unable to show that a deposition of Ms. Pol is unjust, but rather allowing the Government unilateral discretion to prevent the Defendant from presenting a material witness at trial—whom the Court has already deemed material through the granting of compulsory process—would be unjust. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. Ms. Pol is willing, ready, and able to pay her own way to come to Fort Myers to testify. If the Government is unwilling to allow her a short visa, then the only just and constitutional result is that her testimony be preserved through deposition.

**d. Mr. Erdmann Has Proven Exceptional Circumstances and the Justness of Preserving Ms. Pol's Testimony**.

For the foregoing reasons, Mr. Erdmann respectfully submits that he has shown the required exceptional circumstances and that the taking of the deposition is in the interest of justice.

WHEREFORE, Mr. Erdmann respectfully requests that the Court order the videotaped deposition of material witness Aun Pol.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*G. Ellis Summers, Jr.*

G. Ellis Summers, Jr.
Florida Bar No. 0815691
Assistant Federal Defender
1514 Broadway, Suite 301
Fort Myers, Florida 33901
Telephone: (239) 334-0397
Facsimile: (239) 334-4109

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of September, 2016, the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Michael Bagge-Hernandez, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

/s/ *G. Ellis Summers, Jr.*
G. Ellis Summers, Jr.
Assistant Federal Defender