**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO. 2:16-cr-62-FtM-99MRM**

**ERIC DAVID ERDMANN**
**a/k/a Eric Erdman**

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAKE DEPOSITIONS**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this response in opposition to defendant's Motion to Present Testimony of Unavailable Defense Witnesses in Open Court by Contemporaneous Video Transmission and, in the Alternative, Motion to Take Depositions of Foreign Witnesses (Doc. 25).

## BACKGROUND

On May 25, 2016, a federal grand jury returned an indictment alleging, *inter alia*, that the defendant was a sex offender as defined in 42 U.S.C. § 16901 *et seq.*, and that the defendant traveled in interstate and foreign commerce from Oregon to the Kingdom of Cambodia (Cambodia), after he was convicted on or about July 13, 2010, for a qualifying sex offense in Oregon. (Doc. 1). The indictment further alleges that on or about April 26, 2016, the defendant traveled from Cambodia, through interstate and foreign commerce to Charlotte County, Florida, and that the defendant failed to register as a sex offender. (Doc. 1).

Additionally, the indictment alleges that the defendant was required to register as a sex offender because he was convicted in the Multnomah Circuit Court, Multnomah County, Oregon, case number 09-01-30068, DA 2153456-1, for violation of Oregon Statute § 163.686, encouraging child sexual abuse in the second degree. (Doc. 1).

Subsequently, on September 7, 2016, the defendant filed a "[m]otion for miscellaneous relief, specifically Material Witness Videotaped Deposition." (Doc. 25). In his motion, the defendant petitions the Court to allow the defense to travel to Cambodia and take the deposition of the defendant's wife (proposed witness). (Doc. 25). The defendant argues that the depositions are necessary since the proposed witness cannot travel to the United States because she was denied an entry visa from the U.S. Embassy in Phnom Penh, Cambodia. (Doc. 25). Furthermore, the defendant alleges that her testimony is material to the facts of the instant case because she can substantiate that the defendant sustained severe injuries in Cambodia prior to his departure from Cambodia. (Doc. 25). The United States opposes the defenses motion and requests that the Court deny the defendant's motion for the reasons stated below.

## LEGAL STANDARD

Depositions, particularly those taken in foreign countries, are generally disfavored in criminal cases. *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000). Also disfavored is video teleconferencing testimony from a foreign

country.[1] This is because of the lack of procedural protections afforded parties in the United States and because deposition testimony is generally not subject to cross-examination to the same extent as trial testimony. *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988); *United States v. Des Marteau*, 162 F.R.D. 364, 367 (M.D. Fla. 1995). Foreign depositions and therefore foreign video transmissions testimony, are especially "suspect" because of the lack of the "sanction for perjury." *Alvarez*, 837 F.2d at 1029; *see also United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993).

Federal Rule of Criminal Procedure 15(a) provides that a court may grant a party's motion for a prospective witness to be deposed only "because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). The party requesting the foreign deposition bears the burden of establishing that "exceptional circumstances" exist which justify the presentation of foreign testimony via teleconferencing or foreign deposition. *United States v. Thomas*, 62 F.3d 1332, 1340 (11th Cir. 1995); *Des Marteau*, 162 F.R.D. at 367. The district court must consider three factors when ruling on whether to allow the presentation of foreign witness testimony via video-teleconferencing or foreign depositions: (1) whether the witness is unavailable to testify live at trial; (2) whether the witnesses' testimony is material to the moving party's case; and (3)

---

1 1207 F.R.D. 89, wherein the Supreme Court did not approve the addition of a new Rule of Criminal Procedure 26(b) which would have provided for video testimony. Justice Anton Scalia expresses his concerns for video transmission of testimony.

whether countervailing considerations exist such that allowing the foreign witness testimony via teleconferencing would cause injustice to the nonmoving party. *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995); *Des Marteau*,162 F.R.D. at 367.

To satisfy the first factor, the movant must demonstrate “a substantial likelihood” that the proposed witness will not testify at trial or is unavailable to testify at trial. *See Drogoul*, 1 F.3d at 1553. Unavailability is determined according to the practical standard of whether, under the circumstances, the movant has made a “good faith effort” to produce the person to testify at trial. *United States v. Oudovenko*, 2001 WL 253027 at *1 (E.D.N.Y. March 7, 2001). The fact that a proposed deponent is beyond the subpoena powers of the United States is insufficient by itself to justify authorizing a foreign deposition or foreign witness testimony via video-teleconference. Rather, the movant must show a substantial likelihood that the proposed witness has declared his unwillingness to testify at trial, or that he cannot be subpoenaed if he changes his mind. *Drogoul*, 1 F.3d at 1553.[2]

The second factor, materiality in the context of Rule 15 is the same as under *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Hajbeh*, 284

---

2 In his motion, Defense alleges that he served the potential witness with a subpoena; however, since the potential witness is a foreign national in a foreign country, the potential witness is not subject to the provision of 28 U.S.C.A. § 1783, and therefore a subpoena could not be properly served on her. *See United States v. Haim*, 218 F. Supp. 922, 926 (S.D.N.Y. 1963), *see also Webber v. United States,* 395 F.2d 397, 400 (10th Cir. 1968)(Canadian alibi witnesses in Canada are beyond the subpoena power of the United States District Court.)

F. Supp. 2d 380, 384-85 (E.D. Va. 2003). That is, to establish materiality, the defendant must show that the proposed testimony is exculpatory and not merely corroborative or cumulative of other available evidence. *Id*. at 384-85. Evidence that is not inconsistent with the United States' theory of the case is not material under Rule 15. *See United States v. Bello*, 532 F.2d 422, 423 (5th Cir. 1976) (affirming denial of motion for Rule 15 depositions because proposed testimony was not inconsistent with the government's theory of the case). If the substance of the anticipated testimony is cumulative or merely corroborative of other evidence, or can be obtained through other means, the testimony is not "material" under Rule 15. *See Thomas*, 62 F.3d at 1341-42. The onus is on the defendant to come forward with something more than speculation of the usefulness of such proposed testimony. Thus, the "defendant must explain to the court as precisely as possible what testimony he thinks the witness would give and how this testimony would be relevant to a material issue of guilt or innocence." *United States v. Blevins*, 960 F.2d 1252, 1259 (4th Cir. 1992). In other words, the defendant here must show that "injustice will otherwise result without the material testimony." *Thomas*, 62 F.3rd at 1341.

Additionally, since the potential witness is a foreign national who would presumably give testimony in a foreign country, the witness would not be subject to perjury sanctions if the witness were to knowingly give untruthful testimony. Finally, the jury ability to make credibility assessments is diminished since they will be not able to see the witness testify in front of them.

**ARGUMENT**

The defendant seeks to depose a Cambodian national who is located in the Kingdom of Cambodia (Cambodia). The government objects and states that the defendant has not met his substantial burden for the witness that the defendant seeks to depose.

Testimony presented live in Court (1) insures that the witness will give his statements under oath thus impressing upon him the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination; and (3) permits the jury to . . . observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility. *United States v. Yates*, 438 F. 3d 1307 (11th Cir. 2006)(*en banc*).

In support of his motion, the defense makes a broad blanket statement that the proposed witness is not available because she is not able to travel to the United States. (Doc. 25, pg 5). The defense states that the proposed witness has sought a visa but the visa has been denied. (Doc. 25, pg 4). However, the fact that the proposed witness was at one time denied a visa to travel to the United States alone does not render her unavailable.

Finally, there are other important reasons why granting the defendant's motion would result in an injustice to the United States. The relevance of many of the proposed witnesses' testimony is questionable and, assuming relevance, would be cumulative.

**a. The defendant has not established that the proposed witness is unavailable to testify at trial.**

To establish unavailability, the defendant simply asserts that the proposed witness is not available to testify in person because the United States authorities denied a visa application for her to travel to the United States. This type of conclusory statement falls far short of establishing a "substantial likelihood" of unavailability. *See Oudovenko*, 2001 WL 253027 at *1.

Unavailability is determined according to a practical standard of whether, under the circumstances, the movant has made a "good-faith effort" to produce the person to testify at trial. *See United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) (*citing Ohio v. Roberts*, 448 U.S. 56, 74 (1979)); *Oudovenko*, 2001 WL 253027 at *1. The defendant's representations fail to establish that they made sufficient good faith effort to secure the presence of this proposed witness at trial. *Oudovenko*, 2001 WL 253027 at *2.

According to the defense motion, the witness went to the American Embassy in Phnom Penh, Cambodia, where she applied for a visa which was denied. The defense does not state what type of visa she applied for and it is unclear the type of visa that the embassy denied. There are various types of visa that are available to aliens and an alien wishing to come to the United States must apply for the correct visa that corresponds to the activity or situation that is the purpose of the visa.

According to the Department of Homeland Security records, the proposed witness applied for a b1/b2 visa, which is a visa for pleasure/ business purposes. The proposed witness coming to trial does not fit in the category of b1/b2 visa, thus it was properly denied. The defendant alleges that the witness is married to the defendant, a U.S. citizen, therefore, she should have applied for a K-3 visa, which is a non-immigrant visa specifically for the spouse of a U.S. citizen. Additionally, if the defendant is not yet legally married to the proposed witness, he could apply for a fiancée visa. Simply put, the defendant has failed to sustain his burden to establish that the proposed witnesses will likely be unavailable to testify at trial.

b. **The defendant has not met his burden of showing that the proposed testimony is material**.

As stated above, materiality in the context of Rule 15 is the same as under *Brady v. Maryland*, 373 U.S. 83 (1963). *See Hajbeh*, 284 F. Supp. 2d at 384-85. Evidence that is not inconsistent with the United States' theory of the case is not material under Rule 15. *See Bello*, 532 F.2d at 423. The defendant states that the proposed witness's testimony is material because she can testify about an injury that he sustained in Cambodia.

The elements of a violation of 18 U.S.C. § 2250 are as follows:

First, that the defendant was required to register under the Sex Offender Registration and Notification Act; Second, that the defendant traveled in interstate or foreign commerce; and Third, that the defendant knowingly failed to

register or keep his registration current as required by the Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250 and *United States v. Beasley*, 636 F.3d 1327, 1329 (11th Cir. 2013).

The defense does not allege that the witness disputes that the defendant was required to register as a sex offender under SORNA. Furthermore, the defense does not aver that the proposed witness will dispute that the defendant travelled in interstate or foreign commerce when he travelled from Cambodia to Florida. Finally, the defense does not submit that the proposed witness will dispute that the defendant failed to register or keep his registration current as a sex offender as required by SORNA.

The defense does not explain how the defendant's medical injury has any relevance to the allegations contained in the Indictment. Whether the Defendant was gravely ill or completely healthy in Cambodia is not a fact of consequence. *See* Fed. R. Crim. Evid. 401(b). The defense does not allege that the proposed witness has any firsthand knowledge of what happened to the defendant once he arrived in the United States; therefore, she cannot testify as to what happened once the defendant arrived in the United States. Clearly this does not meet the materiality standard required under Rule 15 prior to the Court allowing the taking of deposition testimony.

Testimony that is cumulative is also not material. *See United States v. Feijoo-Tomala*, 751 F. Supp. 40, 43 (E.D.N.Y. 1990). If the proposed testimony is cumulative or merely corroborative of evidence the defendant himself could offer

or obtain from another source, then it is not material and the motion should be denied. *See Thomas*, 62 F.3d at 1341; *Hajbeh*, 284 F. Supp. 2d at 385; *Feijoo-Tomala*, 751 F. Supp. at 43-44. There are witnesses in the United States that could testify as to the defendant's condition, such as his father, doctors, other persons who had contact with the defendant, or himself. Nonetheless, the United States submits that such evidence is not relevant.

The Court should also reject any argument that the defendant may make that he should nonetheless be allowed to conduct the video-teleconference presentation of foreign witness testimony, although the testimony is cumulative or corroborative of evidence, because he otherwise would be compelled to testify in violation of his Fifth Amendment privilege. An incentive to testify does not amount to compulsion. "While the denial of [a] defendant's Rule 15(a) motion may certainly serve to encourage the defendant to testify, he remains free to choose not to do so. Therefore, he is not, in any relevant sense, 'compelled' to testify because his 'free will [is not] overborne.'" *Hajbeh*, 284 F. Supp. 2d at 385-86.

**c. Substantial injustice would result for the non-movant party from granting the defendant's motion**

Most significantly, the proposed presentation of foreign witness testimony presents a substantial risk of perjury. Even under normal circumstances, courts have noted that the lack of a perjury sanction renders foreign testimony suspect. *See Alvarez*, 837 F.2d at 1029; *Feijoo-Tomala*, 751 F. Supp. at 43. In this case,

however, the problem is exponentially magnified since, as the defendant well knows, the proposed witness is purportedly the defendant's wife and this witness is a proposed witness that has a reason to not be truthful because of the affection that she holds for her husband and her desire to not have any criminal penalties befall him. Despite this, the defendant asks this Court to sanction a proceeding where an individual who has reason to not be truthful is not subject to sanctions for perjury or obstruction of justice.

The significance of the oath of truthfulness is substantially diminished because there is no realistic perjury sanction. An oath to tell the truth is designed to "awaken the witness' conscience and impress the witness' mind with the duty" to tell the truth. Fed. R. Evid. 603. That impression, however, is impossible to make when the witness is beyond the reach of the court. *See Alvarez*, 837 F.2d at 1029; *Oudovenko*, 2001 WL 253027 at *3. Indeed, in foreign witness testimony in a case such as this, the Court would likely have from the witnesses no more than enforceable "promises" to tell the truth.

This heightened risk of perjury or obstruction of justice is aggravated by the fact that the Kingdom of Cambodia and the United States do not currently have an extradition treaty to extradite U.S. citizens or Cambodian citizens who commit criminal offenses and bring them back to the United States. There simply is no mechanism in place to guarantee that a deposition or live video-teleconferencing could occur in, or from, Cambodia with any indicia of formality or legality that would render the testimony acceptable in a United States court of

law. The defense has not provided sufficient detail as to how either of the requested proceedings would be conducted. Another reason why courts are averse to depositions in criminal trials is the "factfinder's [ ] inability to fully observe the demeanor of the foreign witnesses." *Drogoul*, 1 F.3d at 1552. By depriving the jury of the opportunity to observe the witnesses as they testify, the jury's ability to make credibility assessments and to weigh the evidence fairly is hampered. *See Oudovenko*, 2001 WL 253027 at *4. Despite the use of videotape, the jury's ability to assess a witness' demeanor "is significantly curtailed" because of the elimination of intangible elements of the ordeal of testifying in court by remote testimony. *Id., citing, United States v. Gigante*, 166 F. 3d 75, 81 (2d Cir. 1999).

#### d. The Defendant Does Not Address the Logistical Concerns of Conducting Such Depositions

The defendant likewise does not provide a proposal for addressing the serious logistical concerns associated with conducting Rule 15 depositions in Cambodia. If this Court were to allow depositions, where would they take place? Is there going to be a judicial officer present to monitor the proceedings? Who is going to administer the oath? Taking the overseas depositions of a witness is a complex and significant undertaking, which must factor into account the likelihood that the witnesses will, in fact, answer the questions of both the defendant and the United States, as well as the legal structures of the country in which the depositions will occur.

The defendant fails to provide any detail about how the depositions would be conducted in Cambodia. Because the United States would be taking the testimony of a Cambodian national in Cambodia for potential use in a United States criminal trial, the United States presumably would require authorization from the Cambodian government. Yet the defendant has not proffered information about whether the Cambodian government would allow such testimony or how this testimony would be taken – for example, whether the Cambodian government would insist on conducting the deposition itself, whether adequate procedural safeguards exist to ensure a fair and transparent process, and whether the U.S. prosecutors would even be permitted to attend or ask questions. *See, e.g., United States v Knox*, 540 F.3d 708, 717 (7th Cir. 2008) (affirming denial of motion to take Rule 15 depositions and noting the defendant's failure to “address the legality of the proposed investigations under the sovereign laws of the relevant foreign nations or the diplomatic implications to the United States”).

The United States respectfully submits that the defendant has failed to make an adequate showing of the “exceptional circumstances” warranting the deposition of the proposed witness. As such, the defendant's motion should be denied.

WHEREFORE, based on the foregoing reasons, the government requests that the Court deny the defendant's motion.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:*s/ Michael C. Baggé-Hernández*
MICHAEL C. BAGGÉ-HERNÁNDEZ
Assistant United States Attorney
Florida Bar No. 0051923
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2200
Fax: (239) 461-2219
Email: michael.c.bagge@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

G. Ellis Summers
ellis_summers@fd.org

*s/ Michael C. Baggé-Hernández*
MICHAEL C. BAGGÉ-HERNÁNDEZ
Assistant United States Attorney
Florida Bar No. 0051923
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2200
Fax: (239) 461-2219
Email: michael.c.bagge@usdoj.gov