**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No. 2:16-cr-62-FtM-99MRM**

**ERIC DAVID ERDMANN**
**a/k/a Eric Erdman**
**________________________________/**

# MOTION FOR LEAVE TO FILE A REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

The Defendant, ERIC DAVID ERDMANN, by and through undersigned counsel, hereby moves this Court for permission to file a reply to the United States' Response to Defendant's Motion for Material Witness Videotaped Deposition and, in support, states as follows:

1. On September 7, 2016, Mr. Erdmann filed a Motion for Material Witness Videotaped Deposition. Doc. 25.
2. On September 22, 2016, the Government filed a Response in Opposition to Defendant's Motion to Take Depositions.[1] Doc. 29.
3. Mr. Erdmann's request for permission to file a reply is based on the following:
    a. First, the Government has claimed in its Response in Opposition to Defendant's Motion to Take Depositions that Ms. Pol sought the wrong type of visa. This allegation is inaccurate. Mr. Erdmann would like the opportunity to respond to this allegation in a Reply. Doc. 29, pg. 8.

[1] Mr. Erdmann's brief was titled "Defendant's Motion for Material Witness Videotaped Deposition." The Government referred to it as "Defendant's Motion to Take Depositions." The titles are different, but the Motion (Doc. 25) is the same.

b. Second, the Government has claimed in its Response in Opposition to Defendant's Motion to Take Depositions that Ms. Pol's testimony is irrelevant and cumulative. Doc. 29, pg. 9-10. The Government is inaccurate in this assertion. The Government fails to understand the nature of Defendant's case, and therefore, additional briefing is necessary to confirm that the Court understands the purpose of the witness's testimony.

c. And finally, the Government claims that there is substantial injustice because of the lack of a perjury sanction. Doc. 29, pg. 11. However, the Government is *preventing* Ms. Pol from coming to the United States to testify. The Government cannot keep Ms. Pol from testifying in person and then claim that a deposition is improper because there is no perjury protection. Ms. Pol is willing, ready, and able to come to the United States to testify. Essentially, the Government is preventing Mr. Erdmann from calling an essential witness in violation of the Fifth and Sixth Amendments to the United States Constitution.

## **MEMORADUM OF LAW**

Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave.

## **CONCLUSION**

**WHEREFORE**, pursuant to Local Rule 3.01(c), Mr. Erdmann seeks permission from the District Court to file a Reply to the United States' Response to Defendant's Motion to Take Depositions.

Respectfully submitted,
Donna L. Elm
Federal Defender

/s/ G. Ellis Summers, Jr.
G. Ellis Summers, Jr.
Florida Bar No.0815691
Assistant Federal Defender
1514 Broadway, Suite 301
Ft. Myers, Florida 33901
Telephone: 239-334-0397
Fax: 239-334-4109
E-Mail: ellis_summers@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of September, 2016 the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Michael Bagge-Hernandez, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

/s/ G. Ellis Summers, Jr.
G. Ellis Summers, Jr.
Assistant Federal Defender